IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. EVANS, | No. 2:10-CV-2820-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Final judgment was entered on March 19, 2012. Pending before the court is plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

/ / /

/ / /

/ / /

1

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff argues that the court erred in characterizing Family Nurse Practitioner Chaney as a non-medical source.  This argument is unpersuasive.  Even if the court had so erred, the court nonetheless went on to consider the AJL's substantive analysis of Ms. Chaney's opinions as if they were from an acceptable medical source.  For this reason, the court also rejects plaintiff's argument that the court failed to follow Social Security Ruling 06-03p, which requires consideration of all available evidence, including evidence from other medical sources, or Gomez v. Chater, 74 F.3d 967 (9th Cir. 1996), which provides that a nurse practitioner working closely with a medical doctor is an acceptable medical source.

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Next, plaintiff argues that the court erred in accepting the ALJ's analysis of Ms. Chaney's opinions. As to the ALJ's analysis of Ms. Chaney's opinions, the court stated:

> . . .[T]he ALJ did not ignore FNP Chaney's opinion. Rather, after discussing the medical evidence in some detail, the ALJ specifically concluded that her opinion is unsupported by the objective evidence, is contrary to the opinion of the reviewing physicians, and her conclusory opinion that plaintiff cannot work did not merit controlling weight. . . .

The court concluded that these were sufficient reasons. Plaintiff now argues that it was improper to discount Ms. Chaney's opinion based on lack of objective medical evidence because, in a case such as this where fibromyalgia was found to be a severe impairment, limitations associated with fibromyalgia pain cannot be discounted solely based on lack of objective evidence. The ALJ in this case, however, discounted Ms. Chaney's opinion largely because it was conclusory, which is an appropriate reason even in fibromyalgia cases.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration under Rule 59(e) (Doc. 26) is denied.

DATED: August 30, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE